**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47468**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed:  February 11, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRITTANY LONJ'E JONES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Joel E. Tingey, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Brittany Lonj'e Jones appeals from her judgment of conviction for trafficking in methamphetamine.  Jones argues that the district court erred in denying her motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jones was charged with drug trafficking in methamphetamine, Idaho Code § 37-2732B(a)(4)(A).  The charges arose after Officer Cox observed Jones operating her vehicle on a stretch of I-15 near Idaho Falls where signage instructs through traffic to remain in the left lane. Upon seeing Officer Cox's vehicle, Jones stiffened in her seat, applied her brakes, and appeared concerned.  Officer Cox followed Jones' vehicle for about three miles, and he did not observe any swerving or erratic driving.  It was not until he observed Jones impede traffic by slowing to

1

fifty-five miles-per-hour in the left lane of a sixty-five miles-per-hour zone that Officer Cox stopped her for violating I.C. § 49-630(2).

Officer Cox approached the vehicle and explained the reason for the stop. Officer Cox observed that Jones' hands were shaking, her eyes were bloodshot, and she appeared nervous. While retrieving vehicle documentation, Jones opened the center console where Officer Cox observed a knife and green material which appeared to Cox to be marijuana fragments. Jones acted alarmed and shut the console quickly. After receiving the documentation from Jones, Officer Cox returned to his vehicle, contacted dispatch, and then requested that a K-9 unit come to the site. Officer Cox then returned to Jones' vehicle and, believing Jones may be under the influence of marijuana, conducted field sobriety tests. During the investigation into impaired driving, the K-9 unit arrived and the drug dog alerted on the vehicle. Jones was arrested and a subsequent search of the vehicle revealed a pound of methamphetamine.

Jones filed a motion to suppress, arguing that Officer Cox lacked reasonable suspicion for both the initial stop and the extension of the investigation. As to the initial stop, Jones argued that Officer Cox lacked reasonable suspicion to make a stop for impeding traffic under I.C. § 49-630(2), because Jones was driving in the only available lane for through traffic. With the right lane unavailable, Jones argued, she had to choose between violating I.C. § 49-630(2) and impeding traffic, or staying in the right lane in violation of I.C. § 49-801. As to the extension of the stop, Jones argued that Officer Cox impermissibly expanded the stop into a drug investigation and prolonged the stop for a drug-dog sniff. After a hearing, the district court denied Jones' motion to suppress.

Jones pled guilty to an amended charge of trafficking in methamphetamine (28 grams or more), reserving her right to appeal the district court's denial of her motion to suppress. Jones timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts,

2

weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Jones argues that the district court erred in denying her motion to suppress. Specifically, Jones argues that Officer Cox lacked reasonable suspicion to stop her vehicle because she was driving in the only available lane for through traffic, and that Officer Cox's observations after the stop did not justify an extension of the investigation.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Jones argues that Officer Cox lacked reasonable suspicion to stop her vehicle for violating I.C. § 49-630(2), which provides that vehicles driving slower than the normal speed of traffic be driven in the "right-hand lane available for traffic." Since signage required that through traffic stay in the left lane, Jones argues that she could not have violated I.C. § 49-630(2), because there was no right-hand lane available for slow traffic. However, the relevant question here, as the district court pointed out, is not whether Jones was guilty of impeding traffic in violation of I.C. § 49-630(2), but whether Officer Cox had a reasonable suspicion that Jones was violating I.C. § 49-630(2) when he stopped her vehicle. Officer Cox observed Jones traveling in the left lane, driving slower than the speed limit, and impeding the flow of traffic.

3

These actions provided reasonable suspicion that Jones was operating her vehicle in violation of I.C. § 49-630(2), thereby allowing Officer Cox to stop Jones' vehicle.

As Jones notes in her Appellant's Brief, "Ms. Jones saw a marked patrol car, applied her brakes, and slowed to approximately 55 miles per hour." Officer Cox followed and observed that this action impeded traffic. First, Jones only became "slower traffic" because of her reaction to seeing the patrol car. Second, Jones does not dispute that this action resulted in impeding traffic. Third, while signs directed through traffic into the left lane, Officer Cox, in a reasonable suspicion analysis, was not required to divine why Jones was in one lane versus another. Simply, Officer Cox had reasonable suspicion that Jones was impeding traffic and why she was in one lane versus another and why she chose to drive at a speed so as to impede traffic does not negate that reasonable suspicion.

Jones next argues that Officer Cox's observations before and after the stop did not provide reasonable suspicion of criminal activity sufficient to justify an extension of the stop for a drug investigation. An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003).

The district court found that Officer Cox observed indicia of Jones being a drug courier. The district court noted, from Officer Cox's testimony, pre-stop courier indicators: "When Defendant saw his patrol vehicle, she stiffened in her seat, applied her [brakes], and appeared very concerned. [Officer Cox] testified that such nervous reactions were pre-stop indicators of criminal activity." Further in this regard, the district court noted that during the stop:

> [Officer Cox] learned that Defendant had rented the vehicle in California and was traveling one way to Montana, having left Elko, Nevada that morning. Notwithstanding winter conditions, Defendant did not have a coat and was wearing sandal type shoes. Based upon Defendant's reaction and the circumstances of her traveling, [Officer Cox] was suspicious of drug activity, particularly, that Defendant was possibly a drug courier.

During Officer Cox's interaction with Jones, as the district court noted, he observed that Jones' hands were shaking, she had bloodshot eyes, appeared anxious and nervous, and repeatedly asked why she had been stopped. Further, the district court found:

> At one point, as Defendant was retrieving vehicle documentation, she opened the center console where [Officer Cox] observed an open knife and green material which appeared to [Officer Cox] to be marijuana fragments. Defendant

4

acted alarmed after opening the console and quickly shut it and then proceeded to look for documentation. Although [Officer Cox] could not smell marijuana in or around the vehicle, [Officer Cox] also believed that Defendant could be driving impaired and under the influence of marijuana.[1]

Jones analyzes each observation individually and argues that none are sufficient to provide reasonable suspicion to extend the stop. However, considering the totality of the circumstances, from the findings as set forth above, we hold that the observations made by Officer Cox were sufficient to justify suspicion that Jones was engaged in criminal activity. Therefore, the extension of the stop for a drug investigation was justified.

## IV.

## CONCLUSION

The district court did not err in denying Jones' motion to suppress. Reasonable suspicion existed both to stop Jones' vehicle and to extend the stop for a drug investigation. For these reasons, we affirm the district court's denial of Jones' motion to suppress.

Judge BRAILSFORD and Judge Pro Tem HORTON **CONCUR**.

---

[1] Although the green fragments later proved not to be marijuana, the fact that the material looked like marijuana was undisputed.